UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETHAN MORSE,<br><br>            Plaintiff,<br><br>    v.<br><br>COUNTY OF MERCED, CHARLES HALE, ERICK MACIAS, and JOSE SAM SANCHEZ individually and as officers of the MERCED COUNTY SHERIFF'S DEPARTMENT, and DOES 1–100,<br><br>            Defendants. | No. 1:16-cv-000142-DAD-SKO<br><br>ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION<br><br>ORDER DENYING DEFENDANTS' SECOND MOTION TO DISMISS<br><br>(Doc. Nos. 32, 39) |

On June 17, 2016, defendants Merced County, Charles Hale, and Jose Sam Sanchez filed a motion for reconsideration, requesting reconsideration of a portion of this court's June 13, 2016 order granting their previously filed motion to dismiss in part. (Doc. No. 32.) Defendant Erick Macias joined the motion to reconsider. (Doc. No. 35.) Plaintiff filed an opposition on June 29, 2016. (Doc. No. 36.) Defendants replied on July 13, 2016. (Doc. No. 38.) Pursuant to Local Rule 230(g), the court finds this motion suitable to disposition without oral argument, and accordingly issues this order denying defendants' motion.

District courts "possess[] the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (citations and internal quotation marks

omitted). A motion for reconsideration, however, "should not be granted, . . . unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citing *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citations omitted); *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) ("[T]he orderly administration of lengthy and complex litigation such as this requires the finality of orders be reasonably certain."). In its prior order, concerning defendants' motion to dismiss plaintiff's Bane Act claim under California Civil Code § 52.1 the undersigned stated as follows:

> Until the California Supreme Court or the Ninth Circuit Court of Appeals holds otherwise, the undersigned will follow the weight of authority among District Courts in California and find that there is no need for a plaintiff to allege coercion independent from the coercion inherent in the seizure of the plaintiff without probable cause to state such a claim.

(Doc. No. 31 at 21–22.) Defendants point the court to *Lyall v. City of Los Angeles*, 807 F.3d 1178 (9th Cir. 2015), cited in their original reply brief, which holds, in pertinent part, "[n]umerous California decisions make clear that a plaintiff in a search-and-seizure case must allege threats or coercion beyond the coercion inherent in a detention or search in order to recover under the Bane Act." *Lyall*, 807 F.3d at 1196. Plaintiff objects, noting that *Lyall* is factually distinguishable. (Doc. No. 36 at 3–4.) For the reasons stated below, the court denies defendants' motion for reconsideration.

It is true this court did not specifically address or distinguish *Lyall* in its initial ruling on defendants' voluminous motion to dismiss, which raised fourteen separate arguments seeking the dismissal of various causes of action set forth in plaintiff's complaint. That said, *Lyall* and the cases it relies on are indeed distinguishable. *Lyall* concerned claims for violation of the plaintiffs' Fourth Amendment right to be free from unreasonable searches and seizures after police officers allegedly subjected the plaintiffs to unreasonable, warrantless searches and seizures while

attempting to locate suspects who had stolen alcohol from a local convenience store.  807 F.3d at 1181–85.  Notably, the plaintiffs in *Lyall* contended the district court had erred by instructing the jury—which had found defendants did not violate the Bane Act—that plaintiffs were required to prove "the [police] threats, intimidation, or coercion were independent from the acts inherent in the detention and search."  *Id.* at 1195.  The Ninth Circuit noted "[n]umerous California decisions make clear that a plaintiff in a search-and-seizure case must allege threats or coercion beyond the coercion inherent in a detention or search in order to recover under the Bane Act."  *Lyall*, 807 F.3d at 1196 (citing *Allen v. City of Sacramento*, 234 Cal. App. 4th 41 (2015), *Quezada v. City of Los Angeles*, 222 Cal. App. 4th 993 (2014), and *Shoyoye v. Cty. of Los Angeles*, 203 Cal. App. 4th 947 (2012)).  This statement by the court in *Lyall* is undoubtedly true:  a plaintiff cannot prevail on a Bane Act claim which alleges a wrongful search or a wrongful seizure without alleging some threat, intimidation, or coercion that goes beyond the simple fact of the coercion inherent in any seizure.  To the extent this court's prior order could be read as indicating otherwise, it was incorrect.  *Lyall*, however, is a holding of limited application to the current case.

The California decisions on which the Ninth Circuit relied in *Lyall*—*Allen*, *Quezada*, and *Shoyoye*—show this rule of law is perhaps better articulated as stating a defendant may not be held liable under the Bane Act for an *unintentional* violation of one's right to be free from unlawful searches and seizures.  *See also Dillman v. Tuolumne Cty.*, 1:13-cv-00404 LJO SKO, 2013 WL 1907379, at *20 (E.D. Cal. May 7, 2013) (noting that "the relevant distinction for purposes of the Bane Act is between intentional and unintentional conduct").   In the earliest of these, the plaintiff was erroneously detained in a county jail longer than he should have been because of a data entry error in the jail's computer system.  *See Shoyoye*, 203 Cal. App. 4th at 950–52.  The California Court of Appeals noted:

> The evidence presented at trial **showed only that County employees were negligent** in assigning to Shoyoye a parole hold in the computer system, and in failing to detect the error during the subsequent quality control procedure. . . .  Any intimidation or coercion that occurred was simply that which is reasonable and incident to maintaining a jail.  The coercion was not carried out in order to effect a knowing interference with Shoyoye's constitutional rights.  This is in stark contrast to *Venegas II* [*Venegas v. Cty. of Los Angeles*, 32 Cal. 4th 820 (2004)], for

3

> example, in which the evidence presented could support a finding that the probable cause that initially existed to justify stopping the plaintiffs eroded at some point, **such that the officers' conduct became intentionally coercive and wrongful, i.e., a knowing and blameworthy interference with the plaintiffs' constitutional rights**.

*Id.* at 961 (emphasis added).  In *Quezada*, three police officers were the subjects of an internal investigation following their off-duty discharge of a firearm after they had been drinking.  222 Cal. App. 4th at 996–1001.  They alleged violations of the Bane Act because their vehicles were allegedly unlawfully searched as part of the investigation.  *Id.* at 1007.  The California Court of Appeals noted that the plaintiffs had "failed to show that there were any *undue* threats or coercion," because the only alleged threats were entirely lawful actions for the investigating officers to take in the circumstances.  *Id.* at 1007–08 (emphasis added).  Finally, the most recent of the cases, *Allen*, "involve[d] an allegedly unlawful arrest but no alleged coercion beyond the coercion inherent in any arrest," which was insufficient to state a Bane Act claim.  234 Cal. App. 4th at 69.

The principle emerging from these decisions is that, in cases alleging a violation of a plaintiff's Fourth Amendment right to be free from unlawful searches and seizures, there must be some additional evidence of threat, intimidation, or coercion beyond the coercive nature inherent in *each and every arrest* to sustain a claim under the Bane Act.[1]  This standard could obviously be met in some cases solely alleging a Fourth Amendment wrongful search-and-seizure violation.  *See Shoyoye*, 203 Cal. App. 4th at 961 (contrasting with a case in which "the probable cause that initially existed to justify stopping the plaintiffs eroded at some point, such that the officers' conduct became intentionally coercive and wrongful, i.e., a knowing and blameworthy interference with the plaintiffs' constitutional rights").  Notwithstanding any hypothetical applications, it is certainly met here.

In this case, the allegations of plaintiff's original complaint and now second amended complaint remain the same concerning the Bane Act cause of action:  "Defendants caused the initiation of a malicious criminal prosecution against Plaintiff in violation of his First and Fourth

---

[1] The undersigned reads the Ninth Circuit's decision in *Lyall* as adopting this principle.

4

Amendment rights under the United States Constitution and corresponding rights under the California Constitution." (Doc. No. 37 at ¶ 68.)  Further, the defendants allegedly "acted toward Plaintiff with malice, oppression, fraud, and with willful and conscious disregard to Plaintiff's rights, entitling Plaintiff to awards of punitive damages." (Doc. No. 37 at ¶ 71.)  Whatever the precise contours of the alleged constitutional violations are, it is clear that plaintiff alleges more than a mere unintentional violation of his Fourth Amendment rights which would be present in any arrest without probable cause.  Plaintiff's essential allegations in this case are that defendants arrested him and charged him with murder in order to retaliate against his father, a local elected official who had publically criticized their performance as police officers.  (*See* Doc. No. 37 at ¶¶ 23–49.)  This goes far beyond the allegations present in *Shoyoye*, *Quezada*, and *Allen*, which at most alleged unintentional violations of the plaintiffs' constitutional rights.  Accordingly, defendants' motion for reconsideration will be denied.

On July 13, 2016, defendants Merced County, Charles Hale, and Jose Sam Sanchez filed a motion to dismiss plaintiff's second amended complaint pursuant to Rule 12(b)(6).  (Doc. No. 39.)  Defendant Macias joined this motion on the same date. (Doc. No. 41.)  Because the argument advanced in support of defendants' motion to dismiss the second amended complaint is nearly identical to that made in support of defendants' motion for reconsideration, the motion to dismiss will be denied for the same reasons set forth above.

**CONCLUSION**

For the reasons set forth above, defendants' motion for reconsideration (Doc. No. 32) is denied.  In addition and for the same reasons, defendants' motion to dismiss (Doc. No. 39) is also denied.

IT IS SO ORDERED.

Dated:  **July 25, 2016**

_____
UNITED STATES DISTRICT JUDGE