UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ETHAN MORSE,<br><br>    Plaintiff,<br><br>vs.<br><br>COUNTY OF MERCED, CHARLES HALE, ERICK MACIAS and JOSE SAM SANCHEZ individually and as officers of the MERCED COUNTY SHERIFF'S DEPARTMENT and DOES 1-100,<br><br>    Defendants. | CASE NO. 1:16-cv-00142-DAD-SKO<br><br>**ORDER ON PROTECTIVE ORDER REGARDING CONFIDENTIAL DOCUMENTS**<br><br>(Doc. 53) |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

The Court hereby accepts the parties' Stipulated Protective Order Regarding Confidential Documents (Doc. 53) and orders as follows:

1. Certain information, documents, and other things discovered from a party or voluntarily produced by a party in this action may include confidential or private information of the party from which the discovery is sought.

2. Good cause exists as disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be

1 warranted. Protected Material includes, but is not limited to, non-public evidence obtained during
2 the course of the underlying criminal investigation and criminal action against Plaintiff, in
3 whatever format that evidence may have been captured, recorded or produced, including
4 interviews, downloads, photographs, charts or recreations, autopsy-related materials, and police
5 reports, and summaries of those reports, and any other evidence associated with the criminal
6 action. To the extent civil deposition testimony reveals or discusses this evidence, that portion of
7 the testimony shall be deemed confidential. In addition, these materials may include sensitive law
8 enforcement information, and personal information related to the parties or to third parties.
9 Limiting disclosure of these documents to the context of this litigation as provided herein will,
10 accordingly, further important law-enforcement objectives and interests, including safety of
11 personnel and the public, and the protection of private and confidential information of the parties
12 and of third parties. Accordingly, the parties hereby stipulate to and petition the court to enter the
13 following Stipulated Protective Order. The parties acknowledge that this Order does not confer
14 blanket protections on all disclosures or responses to discovery and that the protection it affords
15 from public disclosure and use extends only to the limited information or items that are entitled to
16 confidential treatment under the applicable legal principles.  The parties further acknowledge, as
17 this Stipulated Protective Order does not entitle them to file confidential information under seal;
18 Civil *Local Rule* 141 sets forth the procedures that must be followed and the standards that will be
19 applied when a Party seeks permission from the court to file material under seal.

20       3.       The protections conferred by this Stipulation and Order cover not only Protected
21 Material, but also (1) any information copied or extracted from Protected Material; (2) all copies,
22 excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations,
23 presentations or disclosures by Parties or their Counsel that might reveal Protected Material.
24 However, the protections conferred by this Stipulation and Order do not cover the following
25 information: (a) any information that is in the public domain at the time of disclosure to a
26 Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a
27 result of publication not involving a violation of this Stipulation and Order, including becoming
28

part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party (as that term is defined in the Stipulated Protective Order). Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.   Even after final disposition of this litigation, the confidentiality obligations imposed by the Stipulation and Order shall remain in effect until a Designating Party (as that term is defined in the Stipulated Protective Order) agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   Any Party or Non-Party (as that term is defined in the Stipulated Protective Order) may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.   Nothing in this Stipulation and Order abridges the right of any person to seek its modification by the Court in the future.

7.   Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Eastern District Civil *Local Rule* 141. To the extent not otherwise set forth in *Local Rule* 141, it shall be the burden of the Designating Party to request a sealing order from the Court, and not the Receiving Party to file the Protected Material. The Party seeking to file Protected

Material will meet and confer with the Designating Party as soon as practicable so that the Designating Party may make a request to seal. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil *Local Rule* 141, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. To the extent it becomes necessary due to time constraints, the Parties may meet and confer regarding the filing of documents under conditional seal. If a Receiving Party's request to file Protected Material under seal pursuant to Civil *Local Rule* 141 is denied by the Court, then the Receiving Party may file the information in the public record.

8. Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulation and Order as set forth in Section 4 (DURATION).

/ / /

/ / /

/ / /

9. This Order is not binding on the Court or Court personnel. The Court may amend or modify this Order in the interests of justice or for public policy reasons at any time.

IT IS SO ORDERED.

Dated:   **October 2, 2016**                           /s/ *Sheila K. Oberto*
                                                       UNITED STATES MAGISTRATE JUDGE