UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETHAN MORSE, | No. 1:16-cv-00142-DAD-SKO |
| Plaintiff, | |
| v. | ORDER VACATING JUDGMENT AND DISMISSING CASE WITH PREJUDICE |
| COUNTY OF MERCED, et al., | (Doc. No. 287, 304, 338) |
| Defendants. | |

A judgment was previously entered in this case in favor of plaintiff on May 9, 2018, following a jury trial. (*See* Doc. No. 287.) On August 15, 2018, the parties filed a notice of settlement of this action. (Doc. No. 334.) On September 14, 2018, the parties filed a joint stipulation requesting that the court vacate and set aside the previously-entered judgment. (Doc. No. 338.) Thereafter, plaintiff agreed to voluntarily dismiss the action against all defendants with prejudice pursuant to a settlement agreement between the parties and Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. (*Id.*)

District courts are not required to vacate judgments upon settlement, but retain the discretion to do so. *See Click Entmt., Inc. v. JYP Entmt. Co., Ltd.*, No. 07–00342 ACK–KSC, 2009 WL 3030212, at *2 (D. Haw. Sept. 22, 2009) ("[A] district court is not required to vacate a judgment pursuant to settlement, otherwise, any litigant dissatisfied with a trial court's findings would be able to have them wiped from the books.") (quoting *Bates v. Union Oil Co. of Cal.*, 944

F.2d 64, 650 (9th Cir. 1991)). Automatic vacatur of a previously entered judgment is appropriate where a dispute has become moot "by happenstance." *Dilley v. Gunn*, 64 F.3d 1365, 1372 (9th Cir. 1995). If a dispute has become moot because of the actions of the parties, particularly the party against whom judgment is entered, then the district court must decide whether vacating the judgment is warranted "in light of 'the consequences and attendant hardships of dismissal or refusal to dismiss' and the 'competing values of finality of judgment and right to relitigation of unreviewed disputes.'" *Dilley*, 64 F.3d at 1372; *see also Am. Games, Inc. v. Trade Prods., Inc.*, 142 F.3d 1164, 1168 (9th Cir. 1998) ("Rule 60 provides the basis for a district courts' vacation of judgments when the equities so demand, but it does not establish what substantive standards should be employed.").

    Here, the court is quite familiar with the legal and factual issues presented by this case. Since the parties propose that the case be mooted by their intentional acts, rather than by happenstance, vacatur of the judgment is warranted only if the equities so demand. The court is satisfied that the balance of the equities weighs in favor of vacatur of the judgment. The fact that vacatur is jointly requested militates in favor of granting it. Numerous complicated legal and factual issues were raised in this case which could serve as a basis for appeal. Moreover, the matter is not yet fully resolved in that a contested motion for attorneys' fees remains pending before the court. (Doc. No. 304.) The parties therefore greatly benefit from a settlement that will determine their legal rights with finality and forestall further disputes or delays. Finally, the court is not concerned with potential abuse of the vacatur mechanism, given the unique factual and legal circumstances of this case.

    Accordingly, for the reasons given above, the stipulation of the parties submitted September 14, 2018 (Doc. No. 338) is approved. The judgment entered on May 9, 2018 (Doc. No. 287) is vacated. The pending motion for attorneys' fees (Doc. No. 304) is denied as having been rendered moot by this order. Finally, since the judgment has been withdrawn and the parties now stipulate to dismissal of the entire case pursuant to Rule 41(a)(1)(A)(ii) with prejudice, the

/////

/////

dismissal is automatic.  The Clerk of the Court is therefore directed to terminate this action and close the case pursuant to the parties' stipulation.

IT IS SO ORDERED.

Dated: __**September 20, 2018**__      ___/s/ Dale A. Drozd___
UNITED STATES DISTRICT JUDGE